IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez

Criminal Case No. 21-cr-190-WJM

UNITED STATES OF AMERICA,

      Plaintiff,

v.

1.     **THOMAS O'HARA, II,**
2.     KIMBERLY KAY DICK,

      Defendants.

---

**ORDER GRANTING UNITED STATES' MOTION TO QUASH SUBPOENAS TO TESTIFY AT DEPOSITIONS IN A CRIMINAL CASE**

---

      The Government charges Defendant Thomas O'Hara, II with: (1) one count of conspiracy to distribute and possess with intent to distribute 50 grams or more of methamphetamine (actual) or 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine, a schedule II controlled substance, in violation of 21 U.S.C. §§ 846, 841(a)(1) and (b)(1)(a)(viii); (2) one count of possession with intent to distribute 50 grams or more of methamphetamine (actual) or 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine, a schedule II controlled substance, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(a)(viii); (3) one count of possession with intent to distribute 100 grams or more of a mixture or substance containing a detectable amount of heroin, a schedule I controlled substance, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(b)(i); and (4) one count of possession with intent to distribute 40 grams or more of a mixture or substance containing a

detectable amount of n-phenyl-n-[1(phenylethyl4piperidinyl] propanamide (fentanyl), a schedule II controlled substance, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(b)(vi). (ECF No. 51.)

On February 7, 2022, Defendant filed five fillable PDFs labeled "Subpoena to Testify at a Deposition in a Criminal Case" directed to the following individuals and entities: (1) the Office of the Sheriff; (2) Parol [*sic*] Officer Brook Hathaway, c/o Colorado Department of Corrections; (3) Colorado Department of Corrections; (4) Colorado Springs Police Department; and (5) Thomas Goodwin, c/o Colorado Springs Police Department. (ECF Nos. 58–62.) In the Court's electronic filing system, Defendant titled each fillable PDF as a "Motion for Issuance of Subpoenas." (*Id.*) Nonetheless, no motion was attached to these filings. The requested subpoenas were issued on the same day by the Clerk of Court (the "Subpoenas").

This matter is before the Court on the United States' Motion to Quash Subpoenas to Testify at Depositions in a Criminal Case ("Motion"), filed on February 15, 2022. (ECF No. 67.) Defendant responded on February 17, 2022. (ECF No. 69.) For the reasons set forth below, the Motion is granted.

## I. LEGAL STANDARDS

Under Federal Rule of Criminal Procedure 15(a),

> A party may move that a prospective witness be deposed in order to preserve testimony for trial. The court may grant the motion because of exceptional circumstances and in the interest of justice. If the court orders the deposition to be taken, it may also require the deponent to produce at the deposition any designated material that is not privileged, including any book, paper, document, record, recording, or data.

The Advisory Committee's note to Rule 15 provides:

> Unlike the practice in civil cases in which depositions may be taken as a matter of right by notice without permission of the court . . . , this rule permits depositions to be taken only by order of the court, made in the exercise of discretion and on notice to all parties.  It was contemplated that in criminal cases depositions would be used only in exceptional situations, as has been the practice heretofore.

Fed. R. Civ. P. 15 Advisory Committee's note.

Although Rule 15 "neither defines nor elucidates the 'exceptional circumstances' and 'interest of justice' standards," courts generally permit a party to depose a witness in a criminal case if: (a) the witness will be unavailable to testify at trial, (b) the testimony is material to the moving party's case, and (c) the testimony is necessary to avoid an injustice.  *See United States v. Hajbeh*, 284 F. Supp. 2d 380, 382 (E.D. Va. 2003); *see also United States v. Rothbart*, 653 F.2d 462, 465 (10th Cir. 1981) (recognizing that the filing of a motion before ordering a subpoena provides a court "an opportunity to make the initial critical determination of whether any exceptional circumstances existed that would justify the taking of the deposition").

## II. ANALYSIS

The Government argues that the Court should quash the Subpoenas because Defendant never filed a motion as required by Rule 15.  (ECF No. 67 at 7.)  It further contends that the Custodian of Records for Colorado Springs Police Department, the El Paso County Sheriff's Office, the Colorado Department of Corrections, and Brook Hathaway are not prospective witnesses at trial in this case, that there is no suggestion that these individuals and entities will be unavailable at trial, and that Defendant has failed to show that their trial testimony must be preserved to avoid an injustice.  (ECF

No. 67 at 9.)  With regard to Thomas Goodwin, the Government represents that as far as it knows, Goodwin will be available to testify at trial and that there is therefore no corresponding need to preserve his testimony for trial.  (*Id.*)

The Government further argues, *inter alia*, that Defendant is improperly attempting to use the Subpoenas "as an end run around the criminal discovery process" and that "[i]f [Defendant's] practice is permitted, criminal defendants and their attorneys will be able to directly enlist any police officer, agent, or member of police records administration in gathering documents for them without any meaningful controls from prosecuting attorneys or courts."  (*Id.* at 10–11.)

Defendant responds that the Subpoenas are "Records Depositions," from which he is "merely seeking exculpatory information—including information essential for a *Franks* Motion, that the Government has indicated it does not have."  (ECF No. 69 at 2.)  He states there is no "deposition" being sought.[1]  (*Id.*)  Additionally, as he explains in his response, the evidence he anticipates that he will obtain from the Subpoenas furthers his defense.  (*Id.* at 3–9.)

After carefully reviewing the parties' briefs and exhibits, the Court concludes that Defendant has failed to demonstrate exceptional circumstances that warrant taking depositions pursuant to Rule 15.[2]  Notably, Defendant does not even attempt to argue that he has complied with the requirements of Rule 15, and it is clear that he did not.  (*See generally* ECF No. 69.)  To the extent that Defendant believes he is entitled to

---

[1]  Given that defense counsel has issued several "Subpoena[s] to Testify at a Deposition in a Criminal Case," this contention borders on the non-sensical.

[2]  To the extent that Defendant argues the Subpoenas are merely "Records Depositions," he cites no case law demonstrating that "Records Depositions" need not comply with Rule 15 (*see* ECF No. 69), and the Court is unaware of any such law.

additional evidence in the Government's possession, he may file a motion to compel the disclosure of such evidence. He may not, however, "use . . . depositions of adverse witnesses as discovery tools" in his criminal case. See *United States v. Carrigan*, 804 F.2d 599, 602 (10th Cir. 1986); *United States v. Adcock*, 558 F.2d 397, 406 (8th Cir. 1977) (recognizing that Rule 15's "principal objective is the preservation of evidence for use at trial" and "not to provide a method of pretrial discovery").

The Court therefore finds that the Subpoenas issued for witnesses or organizations to testify at depositions in this case must be quashed. Accordingly, the Court grants the Motion.

### III. CONCLUSION

For the reasons set forth above, the Court ORDERS as follows:

1. The United States' Motion to Quash Subpoenas to Testify at Depositions in a Criminal Case (ECF No. 67) is GRANTED; and

2. All the Subpoenas to Testify at a Deposition in A Criminal Case, issued by the Clerk in this case on February 7, 2022, are hereby QUASHED.

Dated this 18th day of February, 2022.

BY THE COURT:

_____
William J. Martínez
United States District Judge