IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez

Criminal Case No. 21-cr-190-WJM-1

UNITED STATES OF AMERICA,

    Plaintiff,

v.

**1. THOMAS O'HARA II,**

2. KIMBERLY KAY DICK,

    Defendants.

---

**ORDER GRANTING GOVERNMENT'S MOTION *IN LIMINE***

---

    The Government charges Defendant Thomas O'Hara II with one count of violating 21 U.S.C. § 846 and three counts of violating 21 U.S.C. § 841(a)(1), stemming from Defendant's alleged possession with intent to distribute various quantities of methamphetamine, heroin, and fentanyl. (ECF No. 51.)

    On February 3, 2023, the Government filed a Motion *in Limine*. (ECF No. 149.) Defendant filed his response in opposition on February 9, 2023. (ECF No. 174.) For the following reasons, the Government's Motion *in Limine* is granted.

**I. LEGAL STANDARDS**

    "The admission or exclusion of evidence lies within the sound discretion of the trial court . . . ." *Robinson v. Mo. Pac. R.R. Co.*, 16 F.3d 1083, 1086 (10th Cir. 1994); *see also United States v. Golden*, 671 F.2d 369, 371 (10th Cir. 1982) ("Trial judges have discretion to decide whether an adequate foundation has been laid for the

admission of evidence.").

Under Federal Rule of Evidence 401, "[e]vidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would without the evidence; and (b) the fact is of consequence in determining the action."  Relevant evidence is generally admissible and should only be excluded "if its probative value is substantially outweighed by a danger of . . . unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence."  Fed. R. Evid. 403.  "Irrelevant evidence is not admissible."  Fed. R. Evid. 402.

The movant "has the burden of demonstrating that the evidence is inadmissible on any relevant ground," and a court "may deny a motion *in limine* when it lacks the necessary specificity with respect to the evidence to be excluded."  *Pinon Sun Condo. Ass'n, Inc. v. Atain Specialty Ins. Co.*, 2020 WL 1452166, at *3 (D. Colo. Mar. 25, 2020) (quoting *First Sav. Bank, F.S.B. v. U.S. Bancorp*, 117 F. Supp. 2d, 1078, 1082 (D. Kan. 2000)).

Federal Rule of Evidence 404(b)(1) provides that "[e]vidence of any other crime, wrong, or act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character."  It may, however, be admissible for other purposes, such as "proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident."  Fed. R. Evid. 404(b)(2).  The Tenth Circuit "instructs courts to consider four factors in weighing the admissibility of evidence under Rule 404(b): (1) whether the evidence is offered for a proper purpose, (2) its relevancy, (3) that the probative value of the evidence is not substantially outweighed by its prejudicial effect, and (4) a limiting instruction is given if

the defendant so requests." *United States v. Mares*, 441 F.3d 1152, 1156 (10th Cir. 2006) (citing *Huddleston v. United States*, 485 U.S. 681, 691 (1988)).

## II. ANALYSIS

**A.     Defendant's Post-Arrest Interview**

The Court previously denied Defendant's Motion to Suppress his post-arrest interview.  (ECF No. 119.)  Accordingly, the Government intends to offer a recording of Defendant's post-arrest interview at trial.  (ECF No. 149 at 4.)  Because the Government posits that certain portions of the interview may offend Federal Rules of Evidence 403 or 404, the Government proposes redactions to certain portions of the recording.  (*Id.*)  If the Court orders any redactions, the Government requests the Court give the jury an instruction which informs them that the edits were made by agreement of the parties or pursuant to the Court's order and that the jury is not to hold the edits against either party.  (*Id.* at 10.)  The Government submitted a disputed jury instruction in connection with this matter entitled "Redactions to Audio/Video Exhibit."  (ECF No. 156-2.)

In response, Defendant "reserves the right to decide to show the jury the portions that the Government is omitting, specifically his request for an attorney that was denied and the explanation of how pretrial detention and release works."  (ECF No. 174 at 1.)  Additionally, Defendant preserves his objections regarding the admissibility of the entire video presentation.  (*Id.*)  However, Defendant makes no specific objection to any of the Government's proposed redactions or jury instruction.  (*See id.*)

Because Defendant does not oppose the redactions to the portions of the post-arrest interview, the Court grants this portion of the Government's motion.  The Government is directed to redact the following portions of the interview:

(1) Approximately 7:34 – 9:28 (transcript p. 4, line 17 – p. 6, line 20) (discussing the defendant's criminal history, including felony convictions, his habitual criminal status under state law, a lengthy prison sentence he received in a prior drug case, his recent murder trial, and whether he will face any sort of habitual criminal designation in this case);

(2) Approximately 55:29 – 55:58 (transcript p. 53, line 5 – p. 53, line 16) (discussing attorney Josh Tolini's representation of the defendant in a prior criminal case);

(3) Approximately 1:05:38 – 1:05:53 (transcript p. 64, line 5 – p. 64, line 6) (the defendant questioning whether he would be represented by a public defender in this case as he apparently had been in a prior case);

(4) Approximately 1:11:08 – 1:12:24 (transcript p. 68, line 19 – p. 70, line 2) (discussing how the process for pretrial detention and release works in the federal system);

(5) Approximately 1:14:38 – 1:14:46 (transcript p. 72, line 10 – p. 72, line 11) (the defendant references his recent murder trial);

(6) Approximately 1:33:06 – 1:33:11 (transcript p. 88, line 7 – p. 88, line 10) (the defendant references his recent murder trial);

(7) Approximately 1:46:33 – 1:46:39 (transcript p. 100, line 7 – p. 100, line 10) (discussing the defendant's prior prison term); and

(8) Approximately 1:47:26 – 1:49:03 (transcript p. 100, line 23 – p. 101, line 23) (discussing how the process for pretrial detention and release works in the federal system).

(ECF No. 149 at 5.)

Additionally, the Court grants the Government's request to give the Redactions to Audio/Video Exhibit jury instruction.  Although this jury instruction was submitted as a disputed instruction, Defendant raised no specific objection to it in his briefing on the jury instructions.  (ECF No. 180.)  Therefore, the Court will read this instruction before the post-arrest interview recording is played at trial and again in its final set of jury instructions.

**B.      Impeachment Witnesses**

The Government intends to call a cooperating witness ("CW") at trial.  (ECF No. 149 at 7.)  The CW alleged in a proffer interview with law enforcement that Attorney Josh Tolini and Colorado Springs Police Detective Jackson Andrews engaged in various types of criminal or otherwise corrupt conduct.  (*Id.*)  The Government states that it does not intend to ask the CW anything about Tolini or Andrews during the direct examination of CW and does not believe the CW's allegations about Tolini or Andrews are relevant to this case.  (*Id.*)

Nonetheless, the Government believes that Defendant will subpoena Tolini and Andrews to testify during his case-in-chief so that he may question them about the allegations.[1]  (*Id.*)  If the CW persists with the allegations against Tolini and Andrews, Defendant intends to then call Tolini and Andrews to impeach the CW by having them deny the allegations.  (*Id.*)  The Government objects to Tolini and Andrews being called as witnesses to impeach the CW because it would violate Federal Rule of Evidence 608(b).  (*Id.* at 8.)

---

[1] Defendant lists Tolini and Andrews as will call witnesses in Defendant's Witness List. (ECF No. 166.)

In response, Defendant states that he seeks the testimony of Tolini and Andrews to demonstrate:

> (1) the CW lied to Government investigators in a session where he agreed to the tell the truth about his activities in Colorado and his knowledge of criminal activity in Colorado, (2) during that session where he lied about Tollini [*sic*] and Andrews he made allegations inculpating Defendant in drug trafficking, (3) Tollini [*sic*] and Andrews were never contacted by law enforcement in regard to those allegations (meaning the Government did not believe CW told the complete truth during the interview, otherwise there would be some investigation), (4) this means that the CW's stories about criminal activity (specifically the criminal activity alleged that relates to the Defendant) during this session are unreliable because he was willing to falsely implicate people in criminal activity while seeking leniency and immunity for his own criminal activity, and (5) to the extent in trial testimony reflects the stories he told during this session, it is fabrication, just like the other fabrications he made in an attempt to gain benefits from the Government.

(ECF No. 174 at 4.)  Defendant argues that he does not intend to introduce this testimony to show the CW's character for untruthfulness, but to demonstrate—through extrinsic evidence—that "the CW would say anything to the Government he thought would help him, even if it was a lie."  (*Id.*)  Additionally, he argues that excluding such evidence violates his Due Process Clause, Sixth Amendment, and Fourteenth Amendment rights.  (*Id.* at 5.)

Rule 608(b) provides:

> Except for a criminal conviction under Rule 609, extrinsic evidence is not admissible to prove specific instances of a witness's conduct in order to attack or support the witness's character for truthfulness.  But the court may, on cross-examination, allow them to be inquired into if they are probative of the character for truthfulness or untruthfulness of: (1) the witness; or (2) another witness whose character the witness being cross-examined has testified about.

6

Further, the Tenth Circuit has held that "[i]t is fundamental that it is not permissible to impeach a witness on a collateral or irrelevant matter elicited on cross-examination." *United States v. Warledo*, 557 F.2d 721, 726 (10th Cir. 1977). Rule 608(b) prohibits "prov[ing] by extrinsic evidence" a "specific instance[ ] of the conduct of a witness, for the purpose of attacking or supporting the witness' character for truthfulness." *United States v. Velarde*, 485 F.3d 553, 561 (10th Cir. 2007). Parties may only introduce specific instances of conduct which might bear upon their truthfulness "by asking the witness on cross-examination about the incident, not by introducing documents or calling other witnesses." *United States v. Beltran-Garcia*, 338 F. App'x 765, 770 (10th Cir. 2009). "The reason for excluding such extrinsic evidence is to avoid mini-trials that may consume a disproportionate amount of time and confuse the issues." *Velarde*, 485 F.3d at 561. "There may be circumstances in which the Confrontation Clause would entitle a criminal defendant to introduce highly probative exculpatory extrinsic evidence. But if such constitutional exceptions exist, they are narrow." *Id.* at 562 (citing *Holmes v. South Carolina*, 547 U.S. 319 (2006)) (other citations omitted).

Having considered both parties' arguments, the Court also grants this portion of the Government's motion. The purpose for which Defendant seeks to call Tolini and Andrews does not bear sufficient relevance to this case to justify the confusion it could introduce for the jury, or the time expended in presenting such evidence. While Defendant may inquire into specific instances of conduct which might attack the CW's character for truthfulness during cross-examination, he may not introduce extrinsic evidence of specific instances of conduct for that purpose. Therefore, the Court

7

precludes testimony by Tolini and Andrews to the extent that impeaching the CW is Defendant's reason to call them as witnesses. If the Government opens the door on this issue, however, and elicits testimony from the CW on the subject of the allegations against Tolini and Andrews, the Court may reconsider its ruling at that time.

### III. CONCLUSION

For the reasons stated above, the Court ORDERS that the Government's Motion *in Limine* (ECF No. 149) is GRANTED.

Dated this 14th day of February, 2023.

BY THE COURT:

_____
William J. Martinez
Senior United States District Judge